# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 10-659V
### Filed: December 30, 2016

* * * * * * * * * * * * * * * * * * * * * * * *    **UNPUBLISHED**

MARIA PEREZ,

            Petitioner,            Special Master Lisa Hamilton-Fieldman

v.

SECRETARY OF HEALTH AND        Attorneys' Fees and Costs; Disputed Hourly
HUMAN SERVICES                 Rates; Fees for Travel

            Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Diana L. Stadelnikas</u>, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
<u>Althea Walker Davis</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 30, 2010, Maria Perez ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012), alleging that she  suffered Guillain-Barré syndrome ("GBS") as a result of the administration of a tetanus  vaccination that she received on February 2, 2009.  Petition ("Pet.") at 1-2.  On December 8, 2015, the undersigned issued a decision dismissing the case for insufficient proof.

On July 6, 2016, Petitioner filed an application for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $122,238.00.  Pet'r's Appl., ECF No. 69, and costs in the amount of $45,111.77, *id.*, for a total of $167,349.77.

Respondent filed a response to Petitioner's request on July 21, 2016, providing a range of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002.  <u>See</u> 44 U.S.C. § 3501 (2012).  Each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

fees and costs awards that it argued would be reasonable to award in this case, but otherwise presenting no arguments concerning the reasonableness of counsel's hours or rates.  ECF No. 70. In a non-PDF Order dated July 21, 2016, the undersigned directed Petitioner to address in her reply "why counsel is entitled to compensation for her fees at a forum rate rather than at a locality hourly rate."  Petitioner filed her Reply on August 1, 2016, addressing the forum versus locality rate issue, ECF No. 71; Respondent filed a Sur-Reply on August 8, 2016, ECF No. 73.  Petitioner filed a Sur-Sur-Reply on August 10, 2016, ECF No. 75, and finally, two notices of additional authority, ECF Nos. 76 and 77, on October 19, 2016 and October 27, 2016, respectively.

Petitioner argues that her counsel should be compensated for work performed in 2016 at the rate of $359 per hour, either as the forum rate for Ms. Stadelnikas, based on the rates announced in *McCulloch v. Sec'y of HHS*, No. 09-243V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), or, alternatively, as the local rate awarded by the undersigned for 2011 in *O'Neill v. Sec'y of* HHS, No. 08-243V, 2015 WL 2399211, at *5 (Fed. Cl. Spec. Mstr. Apr. 28, 2015), increased by the 3.7% growth rate set forth in the Real Rate Report exhibit filed by Respondent in *McCulloch* and utilized to set rates in *McCulloch* and in *Garrison v. Sec'y of HHS*, No. 14-762V, 2016 U.S. Claims LEXIS 642, at *6 (Fed. Cl. Spec. Mstr. Apr. 29, 2016).   Respondent argues that the local rate, without any increase for inflation, is appropriate, but that, if an increase is applied, it should date only from 2013 forward, the last year for which $300 per hour was awarded in *O'Neill*.

Several other special masters have awarded Petitioner's counsel's firm, including Ms. Stadelnikas, the rate she seeks in this case, either as the forum rate, *e.g.*, *Dezern v. Sec'y of HHS*, No. 13-643V, slip op. (Fed. Cl. Spec. Mstr. October 14, 2016) and *Bohm v. Sec'y of HHS*, No. 15-1195V, slip op. (Fed. Cl. Spec. Mstr. Oct. 25, 2016), or pursuant to the 3.7% growth rate, *e.g.*, *Miller v. Sec'y of HHS*, No. 12-629V, 2016 U.S. Claims LEXIS 371, *23-25 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) and *Purgason v. Sec'y of HHS*, No. 12-465V, 2016 U.S. Claims LEXIS 1013, *5, n.3 (Fed. Cl. Spec. Mstr. June 30, 2016).  The undersigned has, where appropriate, declined to follow other special masters in awarding the forum rate, *see, e.g.*, *Hoehner v. Sec'y of HHS,* No. 14-637V, 2016 WL 7048793 (Fed. Cl. Spec. Mstr. Nov. 7, 2016), based in part on the conclusion that the difference between the local rate and the forum rate in that case would have been "very significant" to a putative client.  Id.

The present case is distinguishable from that of *Hoehner*, however.  In *Hoehner*, if forum rates had been awarded, counsel's rates would have increased from $300 per hour, awarded as recently as 2015, to at least $415 an hour, an increase of over 38%.  By contrast, the increase sought by counsel in this case is less than 20%.  Even if counsel's 2011 rate of $300 were increased by a more modest 3%, the rate would be $340 per hour.  Under these circumstances, the undersigned finds, whether based on the forum rates of *McCulloch*, or on the 3.7% growth rate utilized in numerous cases following the announcement of *McCulloch*, that the $359 per hour rate sought by Ms. Stadelnikas for 2016, is reasonable.

Respondent's Sur-Response to the original Motion disputed only the rate charged by Petitioner's counsel; there was no issue raised concerning counsel's hours expended, with the amount of fees left to the undersigned's discretion.  The undersigned has reviewed the Amended Motion and its supporting documentation and finds based on her experience in practice and in the Program that the number of hours and the total costs claimed are reasonable, with one exception. It has been the undersigned's practice throughout her tenure as a special master to award only 50% of the hourly rate for time spent traveling, and the undersigned will make no exception to that practice in this case.  Total travel time fees charged by Ms. Stadelnikas and her co-counsel Mr. Caldwell to travel to San Francisco to meet with Petitioner's expert and to travel to Washington, D.C. for the hearing were $13,200; half of that is awarded, $6,600.

Therefore, in accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable, with deductions for travel fees as set forth above.  **Accordingly, the undersigned hereby awards the amount of $160,749.77, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Diana L Stadelnikas, of Maglio, Christopher & Toale for attorneys' fees and costs.**  Pursuant to General Order No. 9, no costs were incurred by Petitioner herself, as opposed to her counsel, and therefore no separate award of costs is made to Petitioner alone. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).